**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MARY OKEIYI | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| AMERICAN EDUCATION SERVICES/ | ) |
| PENNSYLVANIA HIGHER EDUCATION | ) |
| ASSISTANCE AGENCY; | ) |
| CONVERGENT OUTSOURCING, INC., | ) |
| "NATIONAL COLLEGIATE TRUST" and | ) |
| CITIZENS BANK | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

### INTRODUCTION

1. Plaintiff Mary Okeiyi seeks redress from the unlawful collection practices of (a) Pennsylvania Higher Education Assistance Agency/ American Education Services ("AES"), (b) Convergent Outsourcing, Inc. ("Convergent"), (c) National Collegiate Trust (number unknown) and (d) Citizens Bank ("Citizens").

2. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") and the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. ("FCRA"), and seeks relief under state law.

### JURISDICTION AND VENUE

3. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 15 U.S.C. §1681p (FCRA), 28 U.S.C. §1331, 28 U.S.C. §1337, and 28 U.S.C. §1367.

4. Venue in this district is proper because each defendant transacts business here and a material portion of the events at issue occurred here.

### PARTIES

1

5.     AES is a commercial loan servicing enterprise operated by the Commonwealth of Pennsylvania. It has offices at 1200 N. 7th St., Harrisburg, PA 17102,

6.     Convergent, is a corporation chartered under the law of the state of Washington with offices at 800 SW 39th Street, Renton, WA 98057. It does business in Illinois. Its registered agent and office is CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

7.     Convergent, is engaged in the business of a collection agency, collecting consumer debts owed to others and using the mails and telephone system for that purpose.

8.     Convergent, is a debt collector as defined in the FDCPA.

9.     The National Collegiate Trusts are a series of about 80 statutory trusts organized under Delaware law. The trustee of each is Wilmington Trust Company, 1100 N. Market St., Rodney Sq., Wilmington, Delaware 19801. Plaintiff is uncertain which trust is involved in this matter.

10.    Citizens Bank is a federally chartered bank formerly known as Charter One with corporate offices at 1 Citizens Plaza, Providence, RI 02903.

## FACTS

11.    On June 22, 2007, plaintiff and her cosigner Esther Okeiyi completed a "Loan Request/Credit Agreement" for a student loan. (Appendix A) The nominal lender was Citizens formerly known as Charter One. However, Citizens had agreed to transfer any loan to a National Collegiate Trust within 30 to 60 days. The only interest Citizens would have in the loan would be a modest fee of a few hundred dollars and a few days interest.

12.    The "Loan Request/Credit Agreement" stated that "when you receive my signed Credit Agreement, you are not agreeing to lend me money." (Appendix A, pg 2, first sentence of ¶B)

13.    The "Loan Request/Credit Agreement" stated that "I will let you know that I

agree to the terms of the loan as set forth in this Credit Agreement and in the Disclosure Statement by doing either of the following: (a) endorsing or depositing the check that disburses the loan proceeds; or (b) allowing the loan proceeds to be used by or on behalf of the student Borrower without objection." (Appendix A, pg 2, ¶B, no. 2)

14. On July 3, 2007, plaintiff received a Note Disclosure Statement purportedly related to the loan which she applied for on June 22, 2007 stating that the principal amount of the loan was $30,443.58 which included $27,247.00 allegedly paid to Esther Okeiyi for the benefit of the plaintiff. (Appendix B)

15. Neither plaintiff nor Esther Okeiyi proceeded with the transaction.

16. Neither plaintiff nor Esther Okeiyi ever deposited any check from Charter One for $27,247.00.

17. During the period identified on the "Loan Request/Credit Agreement" plaintiff was a student at Towson University.

18. Towson University did not apply a check from Charter One for $27,247.00 to plaintiff's account in the time period identified on the Loan Request/Credit Agreement." (Appendix C – statements from Towson)

19. At no time did plaintiff receive the benefit of a check issued by Charter One in the amount of $27,247.00.

20. On or about October 1, 2010, AES began reporting to the major credit bureaus – Experian, Transunion and Equifax – that plaintiff owed a debt to National Collegiate Trust with an original balance of $30,443.

21. When the "loan" was not repaid, it was sent to Convergent.

22. In July 2015, Convergent began reporting to Experian, Transunion and Equifax that plaintiff owed a debt to National Collegiate Trust with an original balance of $30,443.

23. On August 24, 2015 plaintiff sent a letter to Convergent, disputing that she had ever owed the $30,443 amount. (Appendix D)

24. On August 27, 2015 plaintiff sent a letter to Experian, Transunion and Equifax, disputing that she had ever owed the $30,443 amount. The letter was copied to AES. (Appendix E)

25. On information and belief, upon receiving plaintiff's dispute, Experian, Transunion and Equifax requested that AES verify the debt.

26. On information and belief, AES failed to conduct a complete investigation before reporting to the credit bureaus that plaintiff owed the debt.

27. On October 1, 2015, plaintiff's counsel received correspondence from Convergent on behalf of AES which purported to provide an account history of the alleged debt. (Appendix F)

28. The cover letter sent by Convergent with the account history stated that it was affirming a total debt amount which included the disputed debt and two other debts with National Collegiate Trust which were not disputed. (Appendix F)

29. The account history which was attached to the correspondence received by plaintiff's counsel was related to only one of the three debts which plaintiff allegedly had with AES. The account history was not related to the debt which plaintiff's letter had disputed with Convergent. (Appendix F)

30. The attachment of an account history of one debt to a letter reaffirming a different debt indicates that Convergent failed to perform a complete investigation into plaintiff's complaint.

## COUNT I – FCRA

31. Plaintiff Mary Okeiyi incorporates paragraphs 1-30.

32. This claim is against AES.

33. Defendant AES violated 15 U.S.C. §1681s-2(b) by failing to conduct an investigation with respect to the disputed information.

34. Section 1681s-2(b) provides:

> **(b) Duties of furnishers of information upon notice of dispute.**
>
>> **(1) In general. After receiving notice pursuant to section 611(a)(2) [15 USC §1681i(a)(2)] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall**
>>
>>> **(A) conduct an investigation with respect to the disputed information;**
>>>
>>> **(B) review all relevant information provided by the consumer reporting agency pursuant to section 611(a)(2) [15 USC §1681i(a)(2)];**
>>>
>>> **(C) report the results of the investigation to the consumer reporting agency; and**
>>>
>>> **(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.**
>>
>> **(2) Deadline. A person shall complete all investigations, reviews, and reports required under paragraph (1) regarding information provided by the person to a consumer reporting agency, before the expiration of the period under section 611(a)(1) [15 USC §1681i(a)(1)] within which the consumer reporting agency is required to complete actions required by that section regarding that information.**

35. AES committed such violations willfully or negligently, thereby violating 15 U.S.C. §1681n and/or §1681o.

36. Section 1681n provides:

> **§1681n. Civil liability for willful noncompliance**
>
> **(a) In general. Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of–**
>
>> **(1)**
>>
>>> **(A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $ 100 and not more than $ 1,000; or**
>>
>> **(2) such amount of punitive damages as the court may allow; and**

> **(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court. . . .**

37. Section 1681o provides:

> **§1681o. Civil liability for negligent noncompliance**
>
> **(a) In general. Any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of--**
>
> > **(1) any actual damages sustained by the consumer as a result of the failure;**
> >
> > **(2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.**

WHEREFORE, plaintiff requests that the Court enter judgment in her favor and against AES for:

    i.    Appropriate actual, punitive and statutory damages;

    ii.    Attorney's fees, litigation expenses and costs of suit;

    iii.    Such other or further relief as the Court deems proper.

## COUNT II – DECLARATORY JUDGMENT

38. Plaintiffs incorporates paragraphs 1-30.

39. This claim is against all defendants.

40. There is a controversy between the parties as to whether the loan described above was ever made.

41. A declaratory judgment is necessary to resolve such controversy.

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendants:

    i.    Declare that no contract was ever entered into between Mary Okeiyi, Esther Okeiyi and Charter One for a loan in the amount of $30,443.58;

    ii. For costs;

    iii. Granting such other and further relief as the Court deems proper.

## COUNT III - FDCPA

42. Plaintiff Mary Okeiyi incorporates paragraphs 1-30.

43. This claim is against Convergent Outsourcing.

44. Defendant violated 15 U.S.C. §1692e(2), (8) and (10) by falsely representing that a debt existed, by responding to plaintiff's request for verification with misleading documentation and by reporting a debt that did not exist on plaintiff's credit report.

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for:

    i. Statutory damages

    ii. Attorney's fees, litigation expenses and costs of suit;

    iii. Such other and further relief as the Court deems proper.

        s/Daniel A. Edelman
        Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Emiliya G. Farbstein
EDELMAN, COMBS, LATTURNER
 & GOODWIN, L.L.C.
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## JURY DEMAND

Plaintiff demands trial by jury.

s/Daniel A. Edelman
Daniel A. Edelman

T:\31675\Pleading\Complaint DAE_Pleading.WPD

## VERIFICATION

The undersigned declares under penalty of perjury, as provided for by 28 U.S.C. §1746, that the facts stated in the foregoing complaint are true to the best of the undersigned's knowledge and belief.

_____
(Mary Okeiy)

9

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

                                                                       s/Daniel A. Edelman
                                                                       Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

**DOCUMENT PRESERVATION DEMAND**

      Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

                                                                          s/Daniel A. Edelman
                                                                          Daniel A. Edelman